IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GE BUSINESS FINANCIAL SERVICES INC., f/k/a Merrill Lynch Business Financial Services, Inc., | § § § § | |
| Plaintiff | § § | |
| V. | § § | CIVIL ACTION NO. 3:09-CV-00253-B |
| SUNDANCE RESOURCES, INC., a Texas Corporation, MICHAEL PATMAN, and DAVID PATMAN, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Sundance Resources, Inc.'s Motion to Abate Pending Joinder of Necessary Parties (doc. 7). Defendants Michael Patman and David Patman also join in this Motion (docs. 10, 16). In this Motion, the defendants seek to abate the proceedings in this Court until an alleged "necessary party" under Federal Rule of Civil Procedure 19 is joined as a party to the suit. For the reasons discussed below, the Motion is **DENIED**.

This is a suit on a guaranty. GE Business Financial Services, Inc., f/k/a Merrill Lynch Business Financial Services, Inc. ("GE") seeks judgment against Defendants for payments due under a defaulted Promissory Note and Loan Agreement for which the Defendants serve as guarantors. (Compl. ¶¶ 8, 9, 17.) By separate contracts between GE and Caterpillar Financial Services Corporation ("Caterpillar"), Caterpillar owns an undivided participation interest in the loans. (*Id.* at n.2.) In the Motion before the Court, Defendants move for abatement of the proceedings until Caterpillar, the alleged "necessary party," is joined in this litigation.

Whether a person is a necessary party is governed by Rule 19(a) of the Federal Rules of Civil Procedure, which is entitled "Persons Required to be Joined if Feasible." FED. R. CIV. P. 19(a). Federal Rule of Civil Procedure 19(a) provides that:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). Furthermore, "[i]f a person has not been joined as required, the Court must order that the person be made a party." FED. R. CIV. P. 19(a)(2). "Rule 19(a)(1) requires joinder only when the absence of the unjoined party prevents complete relief among the current parties . . . . The focus is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983).

If the person is determined to be a required party under Rule 19(a), but cannot be joined, the inquiry turns to whether, in equity and good conscience, the action should proceed among the existing parties or be dismissed. FED. R. CIV. P. 19(b); *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986). If the person is an "indispensible party" who cannot be joined, the action must be

dismissed. FED. R. CIV. P. 12(b)(7); *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). "The general direction is whether 'in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" *Republic of the Philippines v. Pimentel*, 128 S. Ct. 2180, 2188 (2008).

The party seeking to join a nonparty under Rule 19 has the burden of proof to demonstrate that the nonparty is needed for a just adjudication. *Amer. General Life and Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005) (citing 7 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 1609 (3d ed. 2001)); *see also Davis v. U.S.*, 192 F.3d 951, 958 (10th Cir. 1999). Rule 19 places an emphasis on pragmatism and requires a "highly practical, fact-based decision." *Pulitzer-Polster*, 784 F.2d at 1309; *see also Republic of the Philippines*, 128 S. Ct. at 2188 ("[T]he issue of joinder can be complex, and the determinations are case-specific.").

The Court notes that the two-and-a-half pages of text in Defendants' Motion contain little detail about Caterpillar's interest in the matter before the Court. In their Motion, Defendants refer to a footnote in Plaintiff's Complaint in which Plaintiff states as follows:

> Pursuant to participation agreements between GE, as successor in interest to Merrill Lynch Capital, and Caterpillar Financial Services Corporation ("Caterpillar"), Caterpillar owns an undivided participation interest in the loans and related agreements that are the basis of GE's claims against the Defendants and Borrower.

(Def. Mot. ¶ 2 (quoting Compl. at. n.2).) Based on this language alone, Defendants argue that because Caterpillar "has an interest of some kind in the loan and security agreements (including the guarantees) described in the Complaint," it has an interest in the loan and must be joined as a party to the lawsuit. (*Id.* at ¶¶ 5, 7.) Defendants argue, with no further elaboration, that absent Caterpillar's joinder, "Defendant (and Plaintiff) will not be afforded complete relief, and Defendant

will be in substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interests of Plaintiff and Caterpillar in the subject matter of the lawsuit." (*Id.* at ¶ 6.) Defendants provide no facts regarding what "inconsistent obligations" they may incur or why there could be no complete relief without joinder. The Defendants have not provided the facts necessary for the Court to make a determination on this fact intensive, case-specific determination. *Pulitzer-Polster*, 784 F.2d at 1309; *Republic of the Philippines*, 128 S. Ct. at 2188. Therefore, Defendants have not carried their burden to demonstrate that Caterpillar is a party necessary to the just adjudication of this case.[1] *See Amer. General Life and Accident Ins. Co.*, 429 F.3d at 92; FED. R. CIV. P. 19(a).

Accordingly, Defendants' Motion to Abate for Failure to Join a Necessary Party, to which Michael Patman and David Patman also join as movants, **is DENIED** (doc. 7, 10, 16).

**SO ORDERED.**

**SIGNED May 21, 2009**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that in its Response to the Motion, GE provides details of the relationship between it and Caterpillar. GE attaches the contracts which govern the participation interest Caterpillar has in the loan agreements at issue in this lawsuit. (Pl. Response ¶¶ 2, 3.) Even if the Defendants, as movants, had brought forward this information, the Court would not find that Caterpillar is a necessary party. In this lawsuit, GE seeks to collect payment from the Defendants as guarantors on the loan agreements. Caterpillar is simply entitled to receipt of a pro-rata share of all payments made and all money GE collects under the loan agreements. (*Id.* at ¶ 3.) In the Court's opinion, on the facts brought forth by the non-movant, it would be possible to afford complete relief to the parties to this lawsuit without having to join Caterpillar as a party. *See* FED. R. CIV. P. 19(a); *HS Resources, Inc.*, 327 F.3d at 439. Given these facts, this case can, in equity and good conscience, proceed without joining Caterpillar as a party. *See Republic of the Philippines*, 128 S. Ct. at 2188.