UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY L. BILIOURIS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-0253-B |
| | § | |
| SUNDANCE RESOURCES, INC., et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment (doc. 33) and Plaintiffs' Motion for Summary Judgment (doc. 52). For the reasons stated below, the Court finds Defendants' Motion for Summary Judgment should be and hereby is **GRANTED** (doc. 33), and Plaintiffs' Motion for Summary Judgment should be and hereby is **DENIED** (doc. 52).

## I.

## BACKGROUND[1]

This is a suit on a guaranty. On May 2, 2006, GE Business Financial Services, Inc. ("GE") executed a loan and security agreement (the "Loan Agreement") under which it agreed to loan certain sums of money to Patman Drilling International, Inc., successor by merger to Patman Brothers Drilling, L.P. ("PDI"). (Compl. ¶¶ 1, 8.) In conjunction with the Loan Agreement, Defendants Sundance Resources, Inc., Michael Patman, and David Patman (the "Defendants")

---

[1] The Court takes its factual account from those uncontested facts found in the parties' pleadings and papers filed with the Court. Any contested fact is designated as the allegation of a specific party.

executed an Agreement of Guaranty (the "Guaranty") under which Defendants guaranteed PDI's prompt performance under the Loan Agreement. (Compl ¶¶ 1, 9.) Subsequently, Defendants were also made parties to a related Forbearance and Modification Agreement dated June 13, 2007, and amended on August 14, 2007 (the "Forbearance Agreement"). (Compl. ¶ 10.)

On September 25, 2007, PDI filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. (Br. In Supp. Of Pls.' Mot. for Summ. J. ¶ 5.) On February 9, 2009, GE filed the instant action seeking to enforce the Guaranty and recover the amounts still owing under the Loan Agreement. (*See generally* Compl.) GE additionally sought recovery of its attorneys' fees. (*Id*.)

After filing this action, GE reached an agreement under which it agreed to assign[2] any claims it may have against Defendants to the Plaintiffs[3]. (Defs.' Br. In Supp. Of Mot. For Summ. J. ¶ 3; Br. In Supp. Of Pls.' Mot. For Summ. J. ¶ 9.) Accordingly, GE filed its Motion for Substitution of Parties and Counsel on August 13, 2009. (*See generally* Mot. For Substitution of Parties and Counsel (doc. 21)). The Court granted the Motion on September 15, 2009. (*See* Order (doc. 28)).

On December 17, 2009, Defendants filed their Motion for Summary Judgment contending Plaintiffs could not establish a right to recovery under the Guaranty as a matter of law. (*See* Defs.'

---

[2] The Court notes the parties dispute whether an effective assignment was actually made. (Defs.' Br. In Supp. Of Mot. For Summ. J. ¶ 25.)

[3] The Plaintiffs in this action are as follows: Timothy L. Biliouris, Timothy L. Biliouris as Next Friend of Jade Biliouris, Anne M. Bullock, Brian Bullock, Robert Bullock, Randy Cough, Pat Cummiskey, Michael Dobbs, Natalie Donlavage, Dorothy D. Driscoll as Trustee for the Dorothy D. Driscoll Defined Benefit Pension Plan, Deborah Eidenshink, John Eidenshink, Irvin Huseby, Paul S. Kennedy, William G. Lionetta, Jr. as Next Friend of Jacqueline C. Lionetta, Edith Morrow, Gordon H. Morrow, Morrow Family, L.P., Guy C. Morrow, Thomas R. Mott, Bradley J. Myers, Mary Lynn Myers, Roger H. Nord, Charles H. Ortmann, Charles F. Salter as Trustee for U/A DTD 12-15-95, Gilbert Small, Rosalie J. Small, William Sprague, Jr. as Trustee for Mary Crowther Sprague Trust and the William Wallace Sprague Trust Mary Crowther Sprague U/W, James A. Yackley, M.D., and William G. Lionetta, Jr. ("Plaintiffs").

Mot. For Summ. J.) On January 19, 2010, Plaintiffs filed their own Motion for Summary Judgment arguing they were entitled to recover under the Guaranty as a matter of law. (*See* Pls.' Mot. For Summ. J.) Because the Motions involve the same issues and arguments, the Court will address the Motions together.

## II.

## LEGAL STANDARD

The purpose of summary judgment is "to enable a party who believes there is no genuine dispute as to a separate fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Accordingly, Federal Rule of Civil Procedure 56(c) provides summary judgment is appropriate "when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The summary judgment movant bears the burden to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rather, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Id.*

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v.*

Mot. For Summ. J.) On January 19, 2010, Plaintiffs filed their own Motion for Summary Judgment arguing they were entitled to recover under the Guaranty as a matter of law. (*See* Pls.' Mot. For Summ. J.) Because the Motions involve the same issues and arguments, the Court will address the Motions together.

## II.
## LEGAL STANDARD

The purpose of summary judgment is "to enable a party who believes there is no genuine dispute as to a separate fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Accordingly, Federal Rule of Civil Procedure 56(c) provides summary judgment is appropriate "when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The summary judgment movant bears the burden to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rather, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Id.*

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v.*

*Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1075.

### III.

### ANALYSIS

The Parties have raised numerous procedural and evidentiary issues related to their Motions for Summary Judgment. Accordingly, the Court will address such issues before turning its analysis to the Plaintiffs' ability to recover under the Guaranty.

**A. Evidentiary Issues**

<u>I. Timeliness of Plaintiffs' Response to Defendants' Motion for Summary Judgment</u>

Defendants argue Plaintiffs' Response to Defendants' Motion for Summary Judgment (doc. 42) should not be considered as part of the Court's analysis because it was untimely filed. Northern District of Texas Local Rule 7.1(e) provides that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." Similarly, Federal Rule of Civil Procedure 56(c)(1)(B) provides that a party responding to a motion for summary judgment must respond within 21 days after the motion is served. Federal Rule 6(d) provides for an additional three day extension to the response deadline when service is made through electronic means under Rule 5(b)(2)(E).

Defendants' Motion for Summary Judgment (doc. 33) was filed on the Court's Electronic Case Filing System on December 17, 2009 and, thus, was served through electronic means to the Plaintiffs on that date. Accordingly, under Rules 56 and 6, the deadline for Plaintiffs response was January 10, 2010. However, January 10, 2010 fell on a Sunday. Thus, under Federal Rule

6(a)(1)(c)[4], Plaintiffs' response deadline continued to run until the end of Monday, January 11, 2010. Plaintiffs filed their Response to Defendants' Motion for Summary Judgment on January 11, 2010. Thus, Plaintiffs' Response was timely filed and the Court may properly consider it.

ii. Plaintiffs' Motion to Supplement

Plaintiffs have filed a Motion for Leave to Supplement Plaintiffs' Response to Defendants' Motion for Summary Judgment and Brief in Support ("Motion to Supplement") (doc. 49) in which Plaintiffs seek to supplement the Declaration of Dorothy Driscoll, the Declaration of Brian Shields, and the Second Affidavit of Chris Waltrich. (*See generally* Pls.' Mot. For Leave to Supplement Pls.' Resp. To Defs.' Mot. For Summ. J. And Br. In Supp.) Plaintiffs seek to supplement the Declarations of Dorothy Driscoll and Brian Shields by adding language denoting the statements were made under penalty of perjury. (*Id*. at 3-5.) Plaintiffs contend such language was erroneously omitted from the originally submitted copies. (*Id*.) The Court finds such supplementation is warranted. Thus, to the extent Plaintiffs' Motion to Supplement seeks to supplement the Declarations of Dorothy Driscoll and Brian Shields, the Motion is **GRANTED**.

Plaintiffs additionally seek to supplement the Second Affidavit of Chris Waltrich by providing the Court with a signed copy of such affidavit. (*Id*. at 2-3.) The Second Affidavit was originally submitted to the Court unsigned. However, Plaintiffs note they have been unable to reach Mr. Waltrich to obtain his signature. (*Id*.) Thus, Plaintiffs seek leave of Court to submit a signed copy of the affidavit as soon as Mr. Waltrich's signature can be obtained. (*Id*.) The Court **DENIES**

---

[4]Rule 6(a)(1)(c) states that when a period of time is stated in days or a longer unit of time one should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

Plaintiffs' unorthodox request to supplement the Second Affidavit of Chris Waltrich at some uncertain time in the future. Accordingly, the Court finds Plaintiffs' Motion to Supplement should be and hereby is **GRANTED in part** and **DENIED in part**[5] (doc. 49).

### iii. Defendants' Motions to Strike

Defendants have filed Objections to the Declaration of Dorothy Driscoll (doc. 45), Objections to the Declaration of Brian Shields (doc. 46), Objections to the Second Affidavit of Chris Waltrich (doc. 47), Objections to the Declaration of William G. Lionetta, Jr. (doc. 57), and Objections to the Declaration of Michael D. Donohue (doc. 48).

Defendants move to strike the Declaration of Dorothy Driscoll because it is not sworn, verified, made under the penalty of perjury or based on personal knowledge. (*See* Defs.' Objections to the Decl. of Dorothy Driscoll.) Further, they complain that the attachments are neither sworn to nor certified. (*Id.*) While Rule 56 requires that summary judgment affidavits be based on the affiant's personal knowledge, there are no "magic words" needed to satisfy the requirement. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529-30 (5th Cir. 2005). An affiant's personal knowledge may be reasonably inferred from the "nature of their participation in the matters to which they swore." *Id.* Because Ms. Driscoll was one of the recipients of the assignment of claims in question, her participation necessarily gives rise to an inference of personal knowledge of the matters to which she attests. Further, in light of the Court's ruling on Plaintiff's Motion to Supplement, the Court finds the statements and attachments are adequately verified. Accordingly, the Court finds Defendants Objections to the Declaration of Dorothy Driscoll should be and hereby are **DENIED**

---

[5]The Court has considered the supplemented versions of the Declarations of Dorothy Driscoll and Brian Shields in accordance with this finding.

(doc. 45).

Defendants similarly move to strike the Declaration of Brian Shields because it is not sworn, verified, or made under the penalty of perjury and because its attachments are not sworn or certified copies. (*See generally* Defs.' Objections to the Decl. of Brian Shields.)  In light of the Court's ruling on Plaintiffs' Motion to Supplement, the Court finds Defendants Objections to the Declaration of Brian Shields should be and hereby are **DENIED** (doc. 46).

Defendants have additionally moved to strike the Declarations of William G. Lionetta, Jr. and Michael D. Donohue. (*See generally* Defs.' Objections to the Decl. of William G. Lionetta, Jr.; Defs.' Objections to the Decl. of Michael D. Donohue.)  The Court finds the Declarations of William G. Lionetta, Jr. and Michael D. Donohue, as proffered, fail to benefit Plaintiffs' Motion for Summary Judgment.  Accordingly, Defendants' Objections to the Declaration of William G. Lionetta, Jr. (doc. 57) and Defendants' Objections to the Declaration of Michael D. Donohue (doc. 58) should be and hereby are **DENIED as moot** (docs. 57, 58).

Finally, Defendants move to strike the Second Affidavit of Chris Waltrich. (*See generally* Defs.' Objections to the Second Aff. of Chris Waltrich.)  The Second Affidavit constitutes an unsworn, unsigned statement.  As such, the Court finds Defendants' Objections to the Second Affidavit of Chris Waltrich should be and hereby are **GRANTED** (doc. 47). Accordingly, the Court **ORDERS** the Second Affidavit of Chris Waltrich be **STRICKEN**.

<u>iv. Evidence of GE's Assignment of Claims</u>

Defendants contend Plaintiffs have not provided any evidence of GE's assignment of claims. (Defs.' Br. In Supp. Of Mot. For Summ. J. 7.)  Specifically, Defendants contend the Driscoll Declaration and Lionetta Declaration are incompetent evidence that such assignments occurred.

(*Id*; Defs.' Supplemental Reply in Supp. Of Mot. For Summ. J. 5.) In conjunction with its findings on Defendants' objections to the Driscoll and Lionetta Declarations, the Court finds adequate evidence of GE's assignment of the claims has been provided. Thus, the Court turns its analysis to the merits of the Parties' Motions for Summary Judgment.

### B. Ability to Recover Under the Guaranty

Defendants contend they are entitled to summary judgment because Plaintiffs cannot recover under the Guaranty as a matter of law. (Defs.' Br. In Supp. Of Mot. For Summ. J. 7.) To support this contention, Defendants note GE received $28.4 million in satisfaction of its secured claims through the sale of the collateral. (*Id*. at 7-8.) Defendants further note GE subsequently specifically withdrew and released with prejudice whatever unsecured claims remained against the debtor, PDI. (*Id*. at 7-8.) Thus, Defendants argue there are no sums owing on the promissory note underlying the Loan Agreement and no sums due on the Guaranty. (*Id*.) In essence, Defendants argue Plaintiffs have nothing left to collect. (*Id*.)

Plaintiffs counter that they are entitled to summary judgment because they have established each of the necessary elements to recovery under the Guaranty as a matter of law. (Br. In Supp. Of Pls.' Mot. For Summ. J. 2.) Plaintiffs recognize GE received $28.4 million from the sale of the collateral under the Loan Agreement. (Br. In Supp. Of Pls.' Resp. To Defs.' Mot. For Summ. J. 9.) However, they note an unpaid balance of $5,962,724.15 and interest of $342,567.25 remains due under the Loan Agreement. (Br. In Supp. Of Pls.' Mot. For Summ. J. 4.) Because this amount is due and a demand has properly been made, Plaintiffs argue they are entitled to collect from Defendants under the Guaranty. (*Id*. at 7-8.) They also maintain that GE's withdrawal and release of its unsecured claims in PDI's bankruptcy proceedings only pertained to its claims against PDI and

had no bearing on Plaintiffs' claims against Defendants. (*Id.* at 14.) Additionally, to the extent such a withdrawal is viewed as a modification of the underlying obligation, Plaintiffs contend the language of the Guaranty allows for such unilateral changes. (*Id.*) Finally, Plaintiffs contend Defendants are attempting to raise unpleaded and waived affirmative defenses by arguing payment or satisfaction of the underlying obligations has already been acquired. (Br. In Supp. Of Pls.' Resp. To Defs.' Mot. For Summ. J. 6-7.)

The Court begins its analysis by determining whether Defendants are improperly raising unpleaded affirmative defenses. Rule 8(c) provides that all affirmative defenses must be affirmatively stated in a party's pleading. "Failure to follow this rule generally results in a waiver." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855 (5th Cir. 1983)(citing Wright and Miller, *Federal Practice and Procedure* § 1278). However, an affirmative defense is not waived if a defendant raises the issue at a pragmatically sufficient time and the plaintiff is not prejudiced in its ability to respond. *Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009); *Lucas v. United States*, 807 F.2d 414, 417-18 (5th Cir. 1986).

In light of this precedent, the Court need not make a determination as to whether Defendants are in fact raising affirmative defense. Assuming *arguendo* Defendants are raising affirmative defenses, the affirmative defenses have been raised at a pragmatically appropriate time, prior to the start of trial. Further, Plaintiffs have been given ample opportunity to respond through the briefing of the parties' Motions for Summary Judgment. *See Briggs v. Dallas Area Rapid Transit*, No. Civ.A.3:02-CV-0015-N, 2003 WL 21804264, at *2 n. 1 (N.D. Tex. March 14, 2003). Indeed, it should be noted the facts giving rise to such defenses (i.e. the sale of collateral and the withdrawal of the remaining deficiency by GE) did not even occur until during the course of discovery. *See Kerr*

*v. Smith Petroleum Co.*, 896 F. Supp. 602, 603-04 (E.D. La. 1995)(noting the defense was raised at a pragmatically sufficient time particularly because the plaintiff based such defense on facts which developed after plaintiffs filed their complaint). Accordingly, Defendants have not waived any such affirmative defense.

Under Illinois law[6], a prima facie case on a suit on a guaranty is made when "the plaintiff enters proof of the original indebtedness, the debtor's default and the guarantee." *Mid-City Indus. Supply Co. v. Horwitz*, 476 N.E.2d 1271, 1277 (Ill. App. 1 Dist. 1985). "Although the language of a guaranty agreement ultimately determines a specific guarantor's liability, the general rule is that discharge, satisfaction, or extinction of the principal obligation also ends the liability of the guarantor." *Palen v. Cullom Capital Woodworking, Inc.*, 506 N.E.2d 1062, 1063 (Ill. App. 4 Dist. 1987); *see Edens Plaza Blank v. Demos*, 660 N.E.2d 1, 6 (Ill. App. 1 Dist. 1995); *Du Quoin State Bank v. Daulby*, 450 N.E. 2d 347, 348 (Ill. App. 5 Dist. 1983).

In the instant case, there are no further amounts owing on the underlying Loan Agreement. Rather GE received $28.4 million in satisfaction of its secured claims and subsequently withdrew any remaining unsecured claims it potentially held. While Plaintiffs attempt to argue their claims against Defendants are separate from those withdrawn by GE as part of a bankruptcy settlement, the law of Illinois holds otherwise. Absent a contrary directive in the language of the Guaranty, it is clear that satisfaction of the underlying obligation satisfies any liability a guarantor might carry. The Guaranty is silent as to any separate or additional liability the Defendants might possess in the instant

---

[6]The Guaranty at issue contained an express provision requiring the Guaranty to be governed by and construed in accordance with Illinois law. (*See* Pls.' App. In Supp. Of Resp. To Defs.' Mot. For Summ. J. at App. 62.) Accordingly, the Court will apply Illinois law to the substantive issues in this case.

situation. As such, Plaintiffs are unable to recover on the Guarantee as a matter of law[7][8].

## IV.

## CONCLUSION

There are no amounts still due on the underlying Loan Agreement in this case. Thus, Defendants are no longer liable on the related Guaranty and Plaintiffs are unable to recover under the Guaranty as a matter of law. Accordingly, the Court finds Defendants' Motion for Summary Judgment should be and hereby is **GRANTED** (doc. 33) and Plaintiffs' Motion for Summary Judgment should be and hereby is **DENIED** (doc. 52).

**SO ORDERED.**

DATED April 15, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[7] In accordance with this finding, the Court does not reach the question of whether a demand was properly made under the Guaranty and/or whether such demand was, in fact, required.

[8] Because the Court has found Plaintiffs are not entitled to recover under the Guaranty as a matter of law, they are likewise not entitled to an award of attorneys fees.